**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Michael Estrada, | No. CV-25-01167-PHX-MTL |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Before the Court are Petitioner Michael Estrada's Petition for Writ of Habeas Corpus (Doc. 1) and Fourth Motion for Extension of Time to File Response/Reply to Report and Recommendation (Doc. 28).

**I.**

Objections to an R&R are ordinarily due 14 days after being served. Fed. R. Civ. P. 72. The R&R was issued on December 12, 2025. (*Id.*) On January 6, 2026, eleven days after the deadline for Petitioner to file his objections, Petitioner moved for an extension of time to file objections to the R&R. (Doc. 20.) Petitioner complained that he "[was] receiving paperwork late and having issues sending paperwork and getting copies on time," purportedly because of miscommunications between Petitioner, the librarian, and prison officers. (*Id.* at 2.) The Court provided a 35-day extension and required Petitioner to file his objections no later than January 30, 2026. (Doc. 22.) On February 2, 2026, Petitioner requested another extension of the deadline to file objections because he moved to another prison unit, he had to wait 72 hours to receive paperwork, and his meeting with the librarian

had been postponed by one week. (Doc. 24.) The Court granted a 21-day extension, requiring Petitioner to file his objections no later than February 20, 2026. (Doc. 25.) On February 23, 2026, Petitioner filed a third motion for an extension because he did not receive his property until February 9, 2026, and the library was closed. (Doc. 26.) The Court granted an 18-day extension and "advised [Petitioner] that the Court will not extend the deadline further absent extraordinary circumstances." (Doc. 27.)

Now, Petitioner requests a fourth extension. (Doc. 28.) Petitioner states that "he is still trying to get his paperwork in order" and that he "has none of his property." (*Id.* at 1.) He also explains that there was a one-week delay between when the Court issued its last order and when Petitioner received it. (*Id.* at 2.) Petitioner's continued submission of motions suggests that his asserted lack of access to materials has not prevented him from preparing and filing documents with this Court. Moreover, Petitioner does not demonstrate that the one-week delay in receiving the Court's prior order prevented him from timely filing his objections. The Court finds that these difficulties do not constitute extraordinary circumstances that would justify an extension of the deadline beyond the 60 additional days already afforded to Petitioner. The Court has provided ample time for Petitioner to access his property and file documents with this Court. The Court will deny Petitioner's fourth request for an extension (Doc. 28).

## II.

Magistrate Judge Alison S. Bachus issued a Report and Recommendation, recommending that the Petition be denied and dismissed with prejudice. (Doc. 19.) The R&R also recommends that a certificate of appealability not be issued. (*Id.*) Neither party has filed objections to the R&R, and the deadline to do so has lapsed. (*See* Doc. 27.)

The R&R warned Petitioner that a "[f]ailure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without review." (Doc. 19 at 16-17.) "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

(9th Cir. 2003) (emphasis in original); *see also* Fed. R. Civ. P. 72(b)(3). But district courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Although the parties' failure to file objections relieves the Court of its obligation to review the R&R, the Court has nonetheless independently reviewed the R&R and the underlying record. The Court finds that it is well-taken. Specifically, the Court finds that Petitioner's claims that the jury was improperly instructed and that the sentence he received was excessive raise no federal questions. (*See* Doc. 19 at 9.) Petitioner therefore asserts no cognizable claim for relief in federal habeas corpus proceedings under 28 U.S.C. § 2254. *See Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989). Moreover, the Court finds that leave to amend would be futile, and Petitioner is unable to present a tenable claim for relief. (*See* Doc. 19 at 15-16.)

The Court will accept the R&R in its entirety. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

**IT IS THREFORE ORDERED** that Petitioner's Motion for Extension of Time to File Response/Reply to Report and Recommendation (Doc. 28) is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 19) is **ACCEPTED**.

**IT IS FURTHER ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because jurists of reason would not find it debatable whether the district court was correct in its procedural ruling, and jurists of reason would not find the district court's assessment of the constitutional claims debatable or wrong.

- 3 -

**IT IS FINALLY ORDERED** directing the Clerk of the Court to enter judgment accordingly and terminate this case.

Dated this 16th day of March, 2026.

Michael T. Liburdi
United States District Judge